Franklin REDDING, Appellant

v.

Warden Ronnie HOLT.

No. 07–3397.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Under Third Circuit L.A.R. 27.4
and I.O.P. 10.6 Oct. 12, 2007.

Filed: Oct. 30, 2007.

Franklin Redding, Minersville, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Ronnie Holt.

Before: SLOVITER, FISHER AND HARDIMAN, Circuit Judges.

## OPINION

**PER CURIAM.**

This is an appeal from the district court's dismissal of Franklin Redding's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Redding's appeal presents no substantial question, we will summarily affirm the district court's judgment. *See* I.O.P. 10.6.

Redding, presently incarcerated at the United States Penitentiary at Lewisburg, was previously incarcerated at the Federal Prison Camp in Atlanta ("FPC–Atlanta"). Redding contends that his due process rights were violated while he was an inmate at FPC–Atlanta. During a disciplinary hearing on May 1, 2006, Redding was found guilty of three charged violations: code 299—disruptive conduct; code 217—receiving money for the purpose of introducing contraband; and code 108—possession of a hazardous tool (cell phone). A Disciplinary Hearing Officer ("DHO") presided over the hearing and Redding was assisted by a staff representative. The DHO sanctioned Redding with the loss of sixty-four days of good conduct time, transfer to a more secure facility, loss of telephone privileges for one year, loss of commissary privileges for six months, and the loss of visiting privileges for six months.

After exhausting all available administrative remedies, Redding filed a § 2241 petition on November 21, 2006. In his petition, Redding claimed that there was insufficient evidence to support the charged conduct, that he was not given the right to call witnesses and he was not given time to prepare a defense, that he was not given 24–hour notice of the charges, that he was not allowed to review the evidence used to find him guilty, and that he did not get an impartial hearing officer. The respondent argued that the DHO met the evidentiary standard required to find that Redding committed the prohibited acts, and that all required procedural due process protections were provided throughout the disciplinary process. The magistrate judge issued a report and recommendation that Redding's habeas petition be denied. Upon consideration of the objections by Redding, the district court denied the habeas petition and dismissed his remaining filings as moot. Redding timely filed a notice of appeal.

We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to the district court's factual findings. *Werts v. Vaughn,* 228 F.3d 178, 191 (3d Cir.2000).

Redding raises an issue regarding the sufficiency of evidence the DHO used to

support his conclusion. Under the current Bureau of Prisons regulations the DHO must base her decision on "some facts"; if there is conflicting evidence, the decision must be based on "the greater weight of the evidence." 28 C.F.R. § 541.17(f) (2007).[1]

The DHO relied on an investigative report based on surveillance camera footage and corroborating witness statements. The report concluded that Redding departed the prison camp on several occasions and that he was in possession of a telephone that, in return for monetary assistance, he used to help other inmates leave the camp. In addition to the report, the DHO also reviewed, *in camera*, statements of inmates identifying Redding as one of the leaders in the escape and return scheme. Except for handwritten statements by fellow inmates, no other evidence was offered by Redding to dispute the charges. The DHO found that the statements lacked credibility because the inmates gave contradictory testimony. Given these facts, the DHO's conclusions were based on "the greater weight of the evidence."

We also hold that the procedures at the disciplinary hearing fully comported with the Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Redding argues that he was not provided with sufficient notice of the DHO's amendment of a code 305 charge—possession of anything unauthorized, to a code 108 charge—possession of a hazardous tool (cell phone). Due process requires "advanced written notice of the claimed violation and a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* at 563, 94 S.Ct. 2963. The notice must be given no less than 24 hours before the disciplinary hearing. *Id.* at 564, 94 S.Ct. 2963. The magistrate judge found, and we agree—that one month prior to the DHO hearing—Redding was provided with a copy of the Incident Report containing an allegation about the cell-phone charge.[2] Redding also asserts he was denied the right to call witnesses; however, the records shows he was allowed to call Case Manager D. Reynolds to testify on his behalf. Moreover, Redding has failed to identify any relevant witnesses who prison authorities prevented him from calling.

Redding contends that he did not have an opportunity to challenge or view all of the documents the DHO relied on in making his findings. The *in camera* documents contain statements by fellow inmates implicating Redding in illegal actions. We have previously held that "a prison disciplinary committee need not reveal at a disciplinary hearing evidence bearing on reliability of confidential informants if prison officials believe that such evidence is capable of revealing the identity of the informants and if the evidence is made available to the court for *in camera*

---

1. We need not decide whether this standard is different from the "some evidence" standard delineated by the Supreme Court in *Sup't v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), and applied in this case by the district court. In *Henderson v. Carlson*, 812 F.2d 874, 879 (3d Cir.1987), we held that a district court erred when it failed to review the sufficiency of a DHO's finding under a more stringent Bureau of Prisons regulation then in effect. Since *Henderson*, the applicable regulation has been amended; it now more closely resembles *Hill*'s "some evidence" test. However, even if the current standard remains more stringent than *Hill*'s test, we would uphold the DHO's findings concerning Redding's conduct.

2. In addition, the DHO's report states that Redding was re-advised of the code change and agreed to proceed with the hearing, thereby waiving any objections to a lack of notice.

review." *Henderson*, 812 F.2d at 880. Given the sensitive nature of documents and the pressing need to maintain institutional security, the DHO appropriately reviewed the documents *in camera*. Notably, the District Court concluded that the factual assertions in the documents were made available to Redding prior to the hearing and therefore he had sufficient information to prepare a defense.

■ Redding argues he was denied a hearing in front of an impartial decision-maker. *See Wolff*, 418 U.S. at 592, 94 S.Ct. 2963. Redding did not present any evidence of bias by the DHO to the district court. Redding's argument that the DHO should have been trained in the law is also without merit. *See id.* (due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the prisoner's case).

In sum, because Redding's appeal presents us with no substantial question, see I.O.P. 10.6, we will summarily affirm.